UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-08339 VBF (RAO) | Date: | February 8, 2023 |
| Title: | Deshay David Ford v. Michael Greenberg et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**  (In Chambers) **ORDER TO SHOW CAUSE**

On November 14, 2022, Plaintiff Deshay David Ford ("Plaintiff), proceeding *pro se*, filed a complaint ("Complaint") against Judge Michael Greenberg, Michael Avila, and Gary Lavigna. Compl. at 1, Dkt. No. 1.  Plaintiff's request to proceed *in forma pauperis* was granted on November 23, 2022, Dkt. No. 4, and summons were issued, Dkt. No. 5.

Plaintiff brings claims for discrimination under the Civil Rights Act of 1964.  Compl. at 1.  On October 11, 2022, Plaintiff went to the Workers' Compensation Appeals Board to request a continuance of a trial.  *Id.* at 1-2.  Mr. Avila invited Plaintiff into his office but stated that they would not grant him a continuance.  *Id.* at 2.  Mr. Avila refused to accept Plaintiff's documents, stating they were not in proper order.  *Id.*  When Plaintiff returned with the proper documents, Mr. Avila again stated he would not accept them.  *Id.*  Mr. Avila then conferred with Judge Greenberg.  *Id.* at 1-2.  When Mr. Avila returned, he was accompanied by an armed police officer.  *Id.* at 2.  Plaintiff alleges that Judge Greenberg ordered the police officer to stand over Plaintiff in Mr. Avila's office.  *Id.*  Plaintiff believed that he was going to be shot and killed by the officer.  *Id.* at 3.  Plaintiff alleges that Judge Greenberg subjected Plaintiff to racism to protect Mr. Lavigna, who terminated Plaintiff for filing a workers' compensation claim.  *Id.* at 2-3.  Plaintiff alleges that Judge Greenberg and Mr. Avila also threatened a 70-year-old Latina woman, Jane Doe, by calling a police officer to stand over her while she attempted to obtain legal help with her case.  *Id.* at 3.  Plaintiff requests a million dollars for his pain and suffering and $500,000 for Jane Doe's pain and suffering.  *Id.* at 4.

The Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2).  The Court may dismiss a complaint brought by a plaintiff proceeding *in forma pauperis*, or a portion thereof, if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-08339 VBF (RAO) | Date: | February 8, 2023 |
| Title: | Deshay David Ford v. Michael Greenberg et al. | | |

the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).  The Complaint is subject to dismissal for the following reasons.

First, a non-attorney litigant proceeding *pro se* may not bring claims on behalf of any other individual.  *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (finding a *pro se* litigant has "no authority to represent anyone other than himself"); *see also Church of the New Testament v. United States*, 783 F.2d 771, 774 (9th Cir. 1986) ("[N]on-attorney litigants may not represent other litigants.").  Therefore, Plaintiff may not bring any claims on behalf of Jane Doe.

Second, Judge Greenberg appears to be immune from suit.  Judicial immunity is a "sweeping form of immunity for acts performed by judges that relate to the judicial process."  *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal punctuation and citations omitted).  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11, (1991).  Judicial immunity is "overcome in only two sets of circumstances."  *Id.*  First, a judge is not immune for "actions not taken in the judge's judicial capacity."  *Id.*  "Second, a judge is not immune for actions . . . taken in the complete absence of all jurisdiction."  *Id.* at 12.  Here, Plaintiff's claims are based on Judge Greenberg's direction to have a police officer present while Plaintiff attempted to have a request heard for a case he had before Judge Greenberg.  It appears that judicial immunity would apply.  *See Mireles*, 502 U.S. at 12-13 (finding judicial immunity applies to a claim that a judge directed court officers to use excessive force in bringing an attorney to the judge's courtroom).

Third, it appears that Mr. Avila would be entitled to quasi-judicial immunity for any claim based on Judge Greenberg's direction.  "Absolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions."  *In re Castillo*, 297 F.3d at 947.  Individuals who take action pursuant to a judicial order are also entitled to immunity.  *See Chrzanowski v. Assad*, 275 F. App'x 661, 663 (9th Cir. 2008) (citing *Roland v. Phillips*, 19 F.3d 552, 555-56 (11th Cir. 1995)).  To the extent Plaintiff's claim against Mr. Avila is based on Mr. Avila carrying out Judge Greenberg's direction to have a police officer present, Mr. Avila would be entitled to quasi-judicial immunity.  Moreover, Plaintiff does not allege that Mr. Avila personally took any discriminatory action against Plaintiff.  Thus,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-08339 VBF (RAO) | Date: | February 8, 2023 |
| Title: | Deshay David Ford v. Michael Greenberg et al. | | |

even if Mr. Avila were not entitled to immunity, the Complaint fails to state facts to support a claim of discrimination by Mr. Avila.

Fourth, Plaintiff fails to allege any facts to support a claim of discrimination by Mr. Lavigna. It appears that Mr. Lavigna is Plaintiff's former employer. Although Plaintiff's workers' compensation case may be against Mr. Lavigna, Plaintiff does not allege any participation by Mr. Lavigna in the events that took place on October 11, 2022 in Mr. Avila's office. Thus, any federal discrimination claims against Mr. Lavigna are subject to dismissal.

Plaintiff is ordered to show cause, in writing, by **March 8, 2023**, as to why his case should not be dismissed for the reasons stated above. It appears unlikely that Plaintiff could cure the deficiencies through amendment. However, if Plaintiff believes that he can allege additional facts to overcome the deficiencies identified in this order, Plaintiff may file an amended complaint by the same deadline instead of or in addition to filing a written response to this order.

The Court notes that Plaintiff filed three proofs of service on January 25, 2023. Dkt. Nos. 10-12. The proofs of service are insufficient. While California law permits service by mail, a copy of the summons and complaint must be mailed with two copies of a notice and acknowledgement and a return envelope, postage prepaid, addressed to the sender. Cal. Civ. Proc. Code § 415.30(a), (b). Service by mail is deemed complete on the date a written acknowledgement of receipt of summons is executed. Cal. Civ. Proc. Code § 415.30(c). Plaintiff has not filed an acknowledgement of receipt from any of the defendants. Thus, service by mail has not been completed. However, in light of the deficiencies identified above, Plaintiff does not need to attempt service at this time. The Court *sua sponte* extends the time to serve defendants under Federal Rule of Civil Procedure 4(m). Upon review of Plaintiff's response to this order, the Court will issue a further order with a new deadline to complete service if it determines that any portion of this action may move forward.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a response to this order may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**Finally, the Court encourages Plaintiff to seek assistance from the Federal Pro Se Clinic. The Los Angeles Federal Pro Se Clinic operates by appointment only. Plaintiff may schedule an appointment either by calling the Clinic at (213) 385-2977, ext. 270, or by**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 22-08339 VBF (RAO)  Date: February 8, 2023
Title: Deshay David Ford v. Michael Greenberg et al.

**submitting an online request at the following site: http://prose.cacd.uscourts.gov/los-angeles. Clinic staff can respond to many questions with a telephonic appointment or through email. It may be more convenient to email questions or schedule a telephonic appointment. It appears that the Los Angeles Federal Pro Se clinic is closed through February 20, 2023, so Plaintiff must wait until after that date to make any inquiry.**

**IT IS SO ORDERED.**

: 
Initials of Preparer   dl